1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIA MEJIA,

11          Plaintiff,                    No. CIV S-11-226 LKK DAD (TEMP) PS

12   v.

13   U.S. BANK,

14          Defendant.          <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          On January 25, 2011, plaintiff, proceeding pro se, filed a complaint to quiet title.

17   The case was referred to the undersigned pursuant to Local Rule 302(c)(21).

18          On March 1, 2011, defendant filed a motion to dismiss plaintiff's claims with

19   prejudice pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) on the grounds that

20   plaintiff's complaint fails to satisfy the notice requirements of Rule 8(a) and fails to state any

21   legally cognizable claim upon which relief may be granted.  The record reflects that defendant's

22   motion was properly served on the pro se plaintiff.  On April 1, 2011, the case came before the

23   court for hearing on defendant's properly noticed motion.  Eric Alderete, Esq. appeared

24   telephonically for the defendant.  No appearance was made by or on behalf of plaintiff.

25   /////

26   /////

1

Upon consideration of all written materials filed in connection with the motion and the entire file, the undersigned recommends that defendant's motion to dismiss be granted and this action be dismissed with prejudice.

LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.

1   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at

2   least some degree of particularity overt acts which the defendants engaged in that support the

3   plaintiff's claims.  733 F.2d at 649.  A complaint must also contain "a short and plain statement

4   of the grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P.

5   8(a)(1) & 8(a)(3).

6                                  PLAINTIFF'S COMPLAINT

7           Plaintiff's complaint, at best, is largely undecipherable.  Therein, plaintiff alleges

8   the action involves real property located at 719 Antiquity Drive, in Fairfield, California.  Plaintiff

9   apparently contests the foreclosure of her property and contends that full disclosure of contract

10  under the Truth in Lending Act ("TILA") was not made.  Other than these contentions, the bulk

11  of plaintiff's complaint consists of jargon and verbiage drawn from some unidentified source.

12                    PLAINTIFF'S FAILURE TO OPPOSE DEFENDANT'S MOTION

13          Defendant filed its motion to dismiss on March 1, 2011.  Plaintiff did not file

14  timely written opposition to the motion, did not appear at the hearing held on April 1, 2011, and

15  did not file any opposition after the hearing.  It appears from the court's docket for this case that

16  plaintiff has filed nothing in this action since it was initiated by plaintiff on January 25, 2011.

17  Plaintiff's failure to appear at the properly noticed hearing on defendant's motion may, in the

18  discretion of the court, be deemed a statement of no opposition to the granting of the motions.

19  See Local Rule 230(i).  An inference of non-opposition in the present case is supported by

20  plaintiff's failure to file written opposition and failure to appear at the hearing.  See Local Rule

21  230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if

22  opposition to the motion has not been timely filed by that party.").

23                                        ANALYSIS

24          The undersigned finds that plaintiff's failure to file written opposition and failure

25  to appear at the hearings on defendant's motion to dismiss, considered together with plaintiff's

26  failure to participate in this action since its initiation, should be deemed a statement of no

                                              3

1  opposition to the granting of defendant's motion.  Nonetheless, in light of plaintiff's pro se

2  status, the undersigned has reviewed defendant's arguments and addresses them below.

3          Defendant has requested judicial notice of documents related to the matters at

4  issue. (Doc. No. 5.)  Defendant's request for judicial notice will be granted pursuant to Federal

5  Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on

6  a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v.

7  Weisman, 803 F.2d 500, 504 (9th Cir.1986) (on a motion to dismiss, the court may take judicial

8  notice of matters of public record outside the pleadings).

9          Defendant contends that any claim under TILA is time barred and that plaintiff's

10  quiet title claim fails for lack of tender.  These contentions are well taken.

11          Plaintiff's TILA claim for damages is barred because such a suit must be filed

12  within one year following the alleged violation.  15 U.S.C. § 1640(e).  The failure to make

13  required disclosures for purposes of a damages claim under TILA occurs on the date the loan

14  documents are signed, because on that date the buyer is in possession of all information relevant

15  to the buyer's discovery of the TILA violation and the basis for a damages claim.  Meyer v.

16  Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); Lingad v. Indymac Federal Bank,

17  682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("[W]hen a plaintiff fails to allege any facts

18  demonstrating that the TILA violations alleged could not have been discovered by due diligence

19  during the one-year statutory period, equitable tolling should not be applied and dismissal at the

20  pleading stage is appropriate."); Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111,

21  1122 (N.D. Cal. 2009).  Here, the loan transaction at issue was consummated on January 3, 2005.

22  Plaintiff commenced this suit more than six years after the alleged violations occurred, and more

23  than five years after the statute of limitations expired.  Plaintiff's TILA damages claim is

24  therefore untimely and should be dismissed.

25          In addition, plaintiff's claim for rescission under TILA would also be time-barred,

26  since such claims must be filed within three-year after consummation of the transaction or upon

the sale of the property, whichever occurs first.  15 U.S.C. § 1635(f); <u>see also</u> <u>Parcray v. Shea</u>
<u>Mortgage Inc.</u>, No. CV-F-09-1942 OWW/GSA, 2010 WL 1659369, at *16 (E.D. Cal. Apr. 23,
2010); <u>Hughes v. Residential Mortgage Capital</u>, No. C 09-4511 SI, 2010 WL 986998, at *2
(N.D. Cal. Mar. 17, 2010) ("Numerous courts have held that an involuntary foreclosure sale, like
any other sale, terminates TILA's right of rescission."); <u>Cross v. Downey Savings & Loan Ass'n</u>,
No. CV 09-317 CAS (Ssx), 2009 WL 481482, at *3 (C.D. Cal. Feb 23, 2009).  As noted above,
here the loan transaction was consummated on January 3, 2005.  Plaintiff commenced this suit
more than six years after the alleged violations occurred, and more than three years after the
statute of limitations for the filing of an action seeking rescission under TILA had expired.

With respect to any claim plaintiff may have regarding quiet title, plaintiff may
not proceed on such a claim in the absence of tender.  To the extent plaintiff by this cause of
action is trying to set aside a foreclosure sale of her property, such a claim cannot lie in that
plaintiff fails to allege tender of the full amount owed on the loan.  <u>See</u> <u>Pantoja v. Countrywide</u>
<u>Home Loans, Inc.</u>, 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in
an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and
viable tender [offer] of payment of the indebtedness" (citations and quotation marks omitted).);
<u>see also</u> <u>Alcaraz v. Wachovia Mortgage FSB</u>, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A
valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a
voidable sale under a deed of trust.'") (citing <u>Karlsen v. Am. Sav. & Loan Ass'n</u>, 15 Cal. App. 3d
112, 92 Cal. Rptr. 851 (Ct. App. 1971)).  Similarly, any claim to quiet title cannot lie in the
absence of tender.  <u>See</u>  <u>Shimpones v. Stickney</u>, 219 Cal. 637, 649 (1934) (mortgagor cannot
quiet his title against the mortgagee without paying the debt secured); <u>see also</u> <u>Aguilar v. Bocci</u>,
39 Cal. App. 3d 475, 477 (1974); <u>Kelley v. Mortgage Electronic Registration</u>, 642 F. Supp. 2d
1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their
obligation under the Deed of Trust.  As such, they have not stated a claim to quiet title.").
/////

1    The remaining claims plaintiff may be attempting to state in her complaint are a

2 mishmash of various statutes without any connection to any facts alleged in the complaint.  The

3 allegations are fatally deficient in that they completely fail to give fair notice to defendant of the

4 claims made by plaintiff.

5    The undersigned has carefully considered whether plaintiff may amend her

6 complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

7 to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

8 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

9 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that,

10 while leave to amend shall be freely given, the court does not have to allow futile amendments).

11 Leave to amend would clearly be futile in this instance given the numerous deficiencies of

12 plaintiff's complaint discussed above and plaintiff's apparent abandonment of the litigation.  The

13 undersigned will therefore recommend that plaintiff's complaint be dismissed in its entirety with

14 prejudice.

15                CONCLUSION

16    For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

17    1. Defendant's motion to dismiss (Doc. No. 4) be granted; and

18    2.  This action be dismissed with prejudice.

19    These findings and recommendations will be submitted to the United States

20 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

21 fourteen days after being served with these findings and recommendations, any party may file

22 and serve written objections with the court.  A document containing objections should be titled

23 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

24 shall be filed and served within seven days after the objections are served.  The parties are

25 advised that failure to file objections within the specified time may, under certain circumstances,

26 /////

1    waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

2    Cir. 1991).

3    DATED: April 6, 2011.

4

5                                                    _____

6                                                    DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE
7    JMM
     mejia0226.57.dad
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26